## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| 2022 Sharpe Family Irrevocable IP Trust, through its Trustee, | § § § | |
| and | § § | |
| Health Care Logistics, Inc., | § § | Civil Action No. 2:23-cv-00494 |
| Plaintiffs, | § § | |
| v. | § § | |
| Healthcare Logistics Management, Inc. | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

**COMPLAINT FOR TRADEMARK AND SERVICEMARK INFRINGEMENT, UNFAIR COMPETITION, DECEPTIVE TRADE PRACTICES, AND UNJUST ENRICHMENT**

The 2022 Sharpe Family Irrevocable IP Trust, through its Trustee ("Plaintiff Sharpe Trust") and Health Care Logistics, Inc. ("Plaintiff HCL") (collectively "Plaintiffs"), by their attorneys file this Original Complaint for Trademark and Servicemark Infringement, Unfair Competition, Deceptive Trade Practices, and Unjust Enrichment against Healthcare Logistics Management, Inc., ("Defendant"); and alleges as follows:

### I.   THE PARTIES

1.      The 2022 Sharpe Family Irrevocable IP Trust is a trust executed on August 19, 2022.  Michael R. Becker, having an address of 475 Metro Place South, Suite 150, Dublin, Ohio 43017, is the Trustee.

2.      Plaintiff Health Care Logistics, Inc. is a corporation organized under the laws

1

of the State of Ohio, with its principal place of business at 450 Town St., Circleville, Ohio 43113.

3.      Upon information and belief, Defendant Healthcare Logistics Management, Inc. is a corporation organized and existing under the laws of the state of Delaware and maintaining its principal place of business at 3355 Myrtle Ave., Suite 235, North Highlands, CA 95660. Defendant may be served through its Officers and/or Directors at this location.

4.      Upon information and belief, Defendant conducts business with citizens in the State of Ohio, including in this District, and throughout the United States.

## II.   JURISDICTION AND VENUE

5.      This action arises under the trademark laws of the United States, the Lanham Act, 15 U.S.C. § 1051 et seq., and under the statutory and common law of the State of Ohio.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and 15 U.S.C. § 1121(a).

6.      Subject matter jurisdiction over the claims brought under state statutory and common law is conferred pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

7.      This Court has personal jurisdiction over Defendant pursuant to due  process and the Ohio Long Arm Statute. Defendant, directly or through its intermediaries, has conducted and conducts  substantial business in this judicial district and state.

8.      Venue is proper in this Court based on 28 U.S.C. §§ 1391(b) and (c).

## III.  BACKGROUND FACTS

9.      Since 1978, Plaintiff HCL has been a health care industry leader in manufacturing, packaging, and distributing various health care products, including health care products for hospitals and other medical facilities.

10.     Plaintiff HCL presently offers more than 8,000 stocked products and also

provides custom product design and manufacturing services for its customers.

11.     Some of the products Plaintiff HCL offers are for the storage, labeling, and dispensing of pharmaceuticals and medical specimens.

12.     Plaintiff HCL provides its goods and services to customers nationally and internationally.

13.     Plaintiff HCL's products and services are provided under the HEALTH CARE LOGISTICS mark, which HCL licenses from Plaintiff Sharpe Trust.

14.     Plaintiff Sharpe Trust is the owner of the following U.S. Trademark and Servicemark Registrations that contain or comprise the HEALTH CARE LOGISTICS mark (see Exhibits A-E for Registration Certificates):

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| HEALTH CARE LOGISTICS | 4,505,787 | April 1, 2014 | High density plastic guides for medical purposes used to keep wires, probes, tubes, EEG and EKG leads organized; Medical instruments for use in crushing and cutting pills; Glass and plastic bottles for use in surgical waste; Plastic medication cups for dispensing medicine; Sharps containers, namely, containers for medical waste in the form of used needles; Disposable gloves for medical use; pre-printed reclosable bags sold empty for dispensing medicine; Catalogs in the field of health care and medical products; paper labels; printed charts; disposable unit dose plastic packaging for medical use for medication; Glass and plastic bottles for medication sold empty; Glass vials and ointment jars for medication sold empty. |

| HEALTH CARE LOGISTICS | 4,518,156 | April 22, 2014 | Capsules sold empty for pharmaceuticals; first aid kits; sanitizing preparations for hospital use; sanitizing preparations for household use; sanitizing preparations for use in institutional and industrial areas; sanitizing wipes; Beakers; machines for dispensing pre-determined dosages of medication; mousepads; protective eyewear; thermometers; Hospital carts; Jewelry; Non-metal seals for use in the medical and health care field.; Umbrellas; Cabinets; key cabinets; medicine cabinets; non-metal bins; plastic storage containers for commercial or industrial use; seating furniture; security cabinets; shelves; Bottles for pharmaceuticals sold empty; ceramic figurines; garbage pails; mugs; Hats; outer jackets; shirts; T-shirts. |
|---|---|---|---|
| HEALTH CARE LOGISTICS | 3,898,569 | January 4, 2011 | Catalog ordering service featuring the sale of other's goods in the field of health care. |
|  | 2,320,674 | February 22, 2000 | Catalogs used in the hospital, healthcare and emergency medical services industry. |
| HEALTH CARE LOGISTICS, INC. | 1,437,244 | April 21, 1987 | Disposable dose packaging supplies for medical and related fields, such as unit dose blister pacs for capsules or pills and unit dose labels. |

15.     U.S. Registration Nos. 4,505,787, 4,518,156, 3,898,569, 2,320,674, and 1,437,244 (collectively the "HCL Registrations") were duly and legally issued and are valid and subsisting.

16.     The HCL Registrations have each obtained incontestable status pursuant to 15 U.S.C. § 1065.

17.     Plaintiff Sharpe Trust is also the owner of common law rights in the HEALTH CARE LOGISTICS mark, including common law rights acquired through extensive and continuous use of the HEALTH CARE LOGISTICS mark throughout the United States. The HEALTH CARE LOGISTICS marks used at common law and as embodied in the HCL Registrations are collectively referred to herein as the "HEALTH CARE LOGISTICS Marks."

18.     Since 1978, Plaintiff Sharpe Trust, and its predecessor in interest, have continuously used the HEALTH CARE LOGISTICS Marks in connection with the sale and provision of various health-care related goods and services, either directly or through licensee Plaintiff HCL.

19.     Plaintiff HCL is the sole licensee and authorized user of Plaintiff Sharpe Trust's registered and common law rights in the HEALTH CARE LOGISTICS Marks.

20.     Through its use of the HEALTH CARE LOGISTICS Marks, Plaintiffs have become known for providing quality goods and services.

21.     All goodwill generated from Plaintiff HCL's use of the HEALTH CARE LOGISTICS Marks inures to the benefit of Plaintiff Sharpe Trust.

### **Defendant's Wrongful Activities**

22.     Defendant was formerly named HEALTH CARE LOGISTIC MANAGEMENT, INC. and changed its name to HEALTHCARE LOGISTICS MANAGEMENT, INC. in June 2022.

23.     Upon information and belief, Defendant uses the HEALTHCARE LOGISTICS MANAGEMENT mark in connection with the offering of healthcare goods and services, including the delivery and storage of equipment, pharmaceuticals, and medical specimens.

24.     Defendant has also made use, and/or continues to make use, of the mark

5

HEALTH CARE LOGISTICS MANAGEMENT in connection with the offering of healthcare goods and services, including the delivery and storage of equipment, pharmaceuticals, and medical specimens.

25.    Upon information and belief, Defendant's goods and services, which are and/or have been offered in connection with the HEALTHCARE LOGISTICS MANAGEMENT and HEALTH CARE LOGISTIC MANAGEMENT marks, either overlap with, or are highly related to the goods and services Plaintiff HCL has long provided in connection with the HEALTH CARE LOGISTICS Marks.

26.    Defendant's customers include hospitals and other medical care facilities.

27.    Defendant and Plaintiff HCL attend the same trade shows.

28.    Defendant's use of HEALTHCARE LOGISTICS MANAGEMENT (which hereinafter shall collectively include use of HEALTH CARE LOGISTIC MANAGEMENT) began many years after Plaintiffs began use of the HEALTH CARE LOGISTICS Marks.

29.    Defendant's use of the HEALTHCARE LOGISTICS MANAGEMENT mark is without license or other authorization from Plaintiffs.

30.    The dominant parts of the HEALTHCARE LOGISTICS MANAGEMENT and HEALTH CARE LOGISTIC MANAGEMENT marks—HEALTHCARE LOGISTICS and HEALTH CARE LOGISTIC—are virtually identical, and/or confusingly similar to Plaintiff Sharpe Trust's HEALTH CARE LOGISTICS Marks.

31.    Defendant's use of HEALTHCARE LOGISTICS MANAGEMENT is likely to cause confusion, mistake, and/or deceive customers and potential customers as to the origin, sponsorship, or approval of Defendant's products and services, or as to some affiliation, connection, or association of Defendant with Plaintiffs.

6

32.     Upon information and belief, Defendant's use of HEALTHCARE LOGISTICS MANAGEMENT has caused actual confusion in the marketplace.

33.     Upon information and belief, Defendant receives numerous inquiries from persons who mistakenly believe Defendant is Plaintiff HCL.

34.     Defendant's use of "HEALTHCARE LOGISTICS" and "HEALTH CARE LOGISTIC" is enabling, and has enabled, Defendant to trade off and receive the benefit of goodwill that Plaintiff Sharpe Trust (including its predecessor in interest) has built up over forty years of labor and expense, and to gain acceptance for Defendant's products and services not solely on its own merits, but on the reputation and goodwill of Plaintiffs.

35.     Unless the acts of Defendant are enjoined by this Court, Defendant will cause irreparable injury to Plaintiffs and to the public for which there is no adequate remedy at law.

## COUNT I— Federal Trademark and Servicemark Infringement
### (Lanham Act § 32, 15 U.S.C. § 1114)

36.     The Plaintiffs incorporate as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

37.     Defendant's use of the HEALTHCARE LOGISTICS MANAGEMENT mark (including use of HEALTH CARE LOGISTIC MANAGEMENT) constitutes an infringement of Plaintiff Sharpe Trust's registered and licensed HEALTH CARE LOGISTICS Marks, as well as Plaintiff Sharpe Trust's common law rights, and causes a likelihood of confusion, mistake, and deception of the public, causing irreparable harm to Plaintiffs for which there is no adequate remedy at law.

38.     The acts of Defendant complained of herein constitute unauthorized use in commerce of the federally-registered HEALTH CARE LOGISTICS Marks in connection with the sale, offering for sale, distribution, and advertising of goods and services in violation of

7

15 U.S.C. § 1114.

39.     Upon information and belief, Defendant's acts have been willful, deliberate, and intended to benefit Defendant at Plaintiffs' expense.

40.     Upon information and belief, Defendant's use of HEALTHCARE LOGISTICS MANAGEMENT has caused actual confusion in the marketplace.

41.     Upon information and belief, Defendant has acknowledged the existence of actual confusion.

42.     As a result of Defendant's actions, Defendant has been unjustly enriched and Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Plaintiffs will continue to suffer injury and damage.

### COUNT II— Federal Unfair Competition, False Designation of Origin, and Trademark and Servicemark Infringement (Lanham Act § 43, 15 U.S.C. § 1125(a))

43.     The allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

44.     Defendant's use of HEALTHCARE LOGISTICS MANAGEMENT (including use of HEALTH CARE LOGISTIC MANAGEMENT) falsely indicates that Defendant and its goods and services are connected with, sponsored by, affiliated with, or related to Plaintiff HCL's goods and services.

45.     Defendant's use of the HEALTHCARE LOGISTICS MANAGEMENT mark causes a likelihood of confusion, mistake, and deception among the public as to the source or sponsorship of Defendant and its goods and services.

46.     The public and others are likely to believe Defendant's goods and services are provided by, sponsored by, approved by, licensed by, affiliated by, or in some other way

legitimately connected with Plaintiffs, which has caused, and will continue to cause, damage and irreparable harm to Plaintiffs.

47.     Defendant's unauthorized use of the HEALTHCARE LOGISTICS MANAGEMENT mark in connection with its goods and services allows Defendant to receive the benefit of Plaintiff Sharpe Trust's goodwill, which Plaintiff Sharpe Trust has established at great labor and expense, and further allows Defendant to expand its business not based on its own qualities, but on the reputation and goodwill of Plaintiffs.

48.     Defendant's acts constitute unfair competition and trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     Upon information and belief, Defendant's acts have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Plaintiffs' rights in the HEALTH CARE LOGISTICS Marks and with intent to trade off Plaintiff Sharpe Trust's vast goodwill in its HEALTH CARE LOGISTICS Marks.

50.     As a result of Defendant's actions, Defendant has been unjustly enriched and Plaintiffs have been injured and damaged.  Unless the foregoing alleged actions of Defendant are enjoined, Plaintiffs will continue to suffer injury and damage.

51.     There is no adequate remedy at law such that an injunction protecting Plaintiffs is proper.

## COUNT III – Trademark and Servicemark Infringement
### (Common Law of Ohio)

52.     The allegations of the preceding paragraphs are incorporated by reference as if fully  set forth herein.

53.     Defendant's acts as set forth herein constitute trademark and servicemark infringement under the common law of Ohio as they are likely to cause confusion to consumers

9

regarding the source and sponsorship of Defendant's goods and services.

54.     As a result of Defendant's actions, Defendant has been unjustly enriched and Plaintiffs have been injured and damaged.  Unless the foregoing alleged actions of Defendant are enjoined, Plaintiffs will continue to suffer injury and damage, including, but not limited to, the loss of business, competitive advantage, and goodwill.

55.     There is no adequate remedy at common law such that an injunction protecting Plaintiffs is proper.

### COUNT IV – Unfair and Deceptive Trade Practices
### (Ohio Revised Code § 4165.02)

56.     The allegations of the preceding paragraphs are incorporated by reference as if fully  set forth herein.

57.     Defendant is knowingly passing off goods or services for sale as those of Plaintiff HCL.

58.     Defendant is also knowingly making false representations as to the source, sponsorship, approval, and/or certification of goods or services for sale or lease.

59.     Defendant is also knowingly making false representations as to affiliation, connection, association with or certification by another person.

60.     Defendant's conduct, as more fully described herein, constitutes deceptive trade practices in violation of O.R.C. § 4165.02.

61.     As a result of Defendant's actions, Defendant has been unjustly enriched and Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Plaintiffs will continue to suffer injury and damage.

## COUNT V – Unjust Enrichment
### (Common Law of Ohio)

62. The allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

63. Upon information and belief, Defendant's acts complained of herein have conferred a benefit upon the Defendant at Plaintiffs' expense.

64. Upon information and belief, Defendant has unjustly obtained said benefit at Plaintiffs' expense and to Plaintiffs' loss and detriment.

65. Upon information and belief, Defendant accepts and retains benefits at Plaintiffs' expense, loss, and detriment.

66. If Defendant is not enjoined, Plaintiffs will continue to suffer irreparable harm, including, but not limited to loss of business, competitive advantage, and goodwill, for which there is no adequate remedy at law.

67. The potential injury to Defendant is minimal and does not outweigh the potential injuries to Plaintiffs if Defendant is not enjoined.

68. As a result of Defendant's actions, Defendant has been unjustly enriched and Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Plaintiffs will continue to suffer injury and damage.

### JURY DEMAND

69. Plaintiffs request a jury trial of all issues triable of right by a jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray the following:

  a. That Defendant be found to have infringed Plaintiffs' rights in the HEALTH CARE LOGISTICS Marks, and that Defendant be found liable on each of the

causes of action enumerated in this Complaint;

b.  That Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendant, and each of them be preliminarily and permanently enjoined from infringing the HEALTH CARE LOGISTICS Marks, and from unfairly competing with Plaintiffs in any other manner;

c.  That Defendant be required to cease use of HEALTHCARE LOGISTICS MANAGEMENT, HEALTHCARE LOGISTICS, HEALTH CARE LOGISTIC, and any other marks infringing the HEALTH CARE LOGISTICS Marks, in all forms, including as a company name, fictitious business name or trade name;

d.  That Defendant be required to deliver up and/or destroy any and all insignias bearing the HEALTHCARE LOGISTICS MANAGEMENT mark, HEALTHCARE LOGISTICS, HEALTH CARE LOGISTICS, and any other mark confusingly similar to the HEALTH CARE LOGISTICS Marks, in its possession as well as all labels, literature, signage and advertisements bearing such marks, together with any means for producing the same;

e.  That Defendant be compelled to account to Plaintiffs for any and all profits derived by it from its illegal acts complained of herein;

f.  That Plaintiffs be entitled to treble damages pursuant to 15 U.S.C. § 1117(a);

g.  That the Court declare this to be an exceptional case and award Plaintiffs their full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and/or ORC § 4165.03;

h.  That the Court grant Plaintiffs any other remedy to which they are entitled as

provided under Federal or State law; and,

i.  For such other relief that the Court deems proper and just.

Respectfully submitted,

Dated:  February 1, 2023

/s/ Jeffrey S. Standley
Jeffrey S. Standley (Ohio Bar #0047248)
F. Michael Speed, Jr.  (Ohio Bar #0067541)
Beverly A. Marsh (Ohio Bar #0080935)
Standley Law Group, LLP
6300 Riverside Drive
Dublin, Ohio 43017
Telephone:  (614) 792-5555
Facsimile:  (614) 792-5536
Email:  litigation@standleyllp.com
          jstandley@standleyllp.com
          mspeed@standleyllp.com
          bmarsh@standleyllp.com

*Attorneys for 2022 Sharpe Family Irrevocable IP Trust, through its Trustee, and Plaintiff Health Care Logistics, Inc.*

13